AMERICAN EXPRESS CO., JOHN J. RYAN & SONS, INC. *v.* UNITED STATES

No. 8101.—

Entry No. 702950.

(Decided March 19, 1952)

*Sharretts, Hillis & Paley* (*Howard C. Carter* of counsel) for the plaintiffs.
*Charles J. Wagner*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

FORD, Judge: This appeal involves the proper dutiable value of certain artificial silk yarn exported from Italy and entered at the port of New York. The merchandise was entered at 1,250 lire per kilo, less a 3 per centum commission, plus packing, plus a 4 per centum

Italian tax, the latter item being added by the importer on entry to meet advances made by the appraiser in similar cases then pending on appeal for reappraisement, and was appraised as entered.

At the first hearing of this appeal there was admitted in evidence and marked exhibit 1 an affidavit of Giovanni B. de Finetti, assistant sales manager of the exporter herein. At the second hearing there was marked as exhibit A for identification a report of the American consul general at Milan, Italy. Attached to this report are a domestic price list and an export price list, and these price lists were marked exhibit B for identification, both rulings being subject to further consideration and disposition when the case was taken up for decision.

Counsel for the importer admitted that this report is the type of document provided for in section 501, and that it is entitled to be admitted in evidence, "* * * but I wish to preserve my objections by noting them on the record."

An examination of this report, together with the papers attached thereto, is convincing that they all are of that class of documents which section 501 of the Tariff Act of 1930 (now 28 U. S. C. § 2633) provides may be admitted in evidence in reappraisement cases. The objection of counsel for the plaintiffs to the admission in evidence of the said report and the attached papers is therefore overruled, and these papers will be marked exhibits A and B, respectively.

Counsel for the defendant made the following statement at the trial:

There is no objection here as to any other element except the Italian sales tax and the issue is very simple. If this merchandise is either sold or freely offered for sale in the home market, the tax applies; if it is not sold or freely offered for sale in the home market, either such or similar merchandise, then this tax does not apply. That is the whole issue. We haven't gone into the issue of wholesale quantities or anything of the kind and the principal markets because that is not the issue. The issue is only as to whether or not the tax applies, is that correct, Mr. Carter?

MR. CARTER: That is correct.

The affidavit, exhibit 1, contains the following:

That Snia Viscosa, Cisa Viscosa and Chatillion, [the exporters herein] are the only manufacturers in Italy who manufacture and produce rayon yarns or rayon staple fiber identical with, or similar to, or of the same general class, quality, character or kind, or which are commercially interchangeable with, or which would be good delivery for the rayon yarns or rayon staple fiber sold to and shipped to John J. Ryan & Sons during the year 1948, and that your deponent has investigated and knows this to be true to his own personal knowledge;

That rayon yarns or rayon staple fiber are offered for sale for consumption in Italy only upon a specific agreement that the rayon yarns or rayon staple fiber will be further manufactured in Italy and will not be exported to the United States or to any other country in the ordinary course of trade prior to further manufacture in Italy, and that in the ordinary course of trade there are no other restrictions upon the use or disposition of this merchandise;

The report of the American consul, exhibit A, contains the following statement:

Italviscosa [the exporter herein] stated that sales in 1948 on the domestic market, for the various grades and qualities of artificial silk yarns, were made in accordance with their official price lists dated May 6, 1948 and May 18, 1948 respectively.

Each of said price lists are entitled: "OFFICIAL DOMESTIC PRICE LIST," and at the bottom of each appears the following: "IMPOSTA GENERALE ENTRATA 4 (quattro) percento ADDEBITATA IN FATTURA." A translation of the last quotation is in evidence as follows: "Italian tax 4% debited in invoice."

The statement in the affidavit, heretofore quoted, to the effect that rayon yarns or rayon staple fiber are offered for sale for consumption in Italy only upon a specific agreement that said yarns or fiber will be further manufactured in Italy and will not be exported to the United States or to any other country in the ordinary course of trade prior to further manufacture in Italy, is a restriction upon the free offer and free sale of this merchandise for home consumption in Italy which destroys foreign value for the merchandise.

It is made clear by the foregoing that the involved merchandise or similar merchandise was not freely offered for sale to *all* purchasers for consumption in Italy but only to such purchasers as agreed to further manufacture such yarns and fiber in Italy, and who also agreed not to export such yarns and fiber to the United States or to any other country prior to further manufacture in Italy. This constitutes a restricted market, one in which the merchandise is not freely offered for sale to all purchasers. *Goodyear Tire & Rubber Co.* v. *United States*, 11 Ct. Cust. Appls. 351, T. D. 39158; *United States* v. *Davies, Turner & Co.*, 13 Ct. Cust. Appls. 547, T. D. 41430; *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 579, T. D. 41436; *United States* v. *Richard & Co.*, 15 Ct. Cust. Appls. 143, T. D. 42216.

It is my view that the above evidence establishes a *prima facie* case in favor of the importer herein which is not overcome by the evidence offered on behalf of the defendant. Accepting the statement in exhibit B to the effect that an Italian tax of 4 per centum is debited in the invoice, there is nothing in the record to show that such offers and sales are not restricted, as clearly stated in exhibit 1. This merchandise is unquestionably sold for home consumption in Italy, but there is nothing before me to establish that such offers and sales are not made upon a specific agreement that the merchandise will be further manufactured in Italy, and that such merchandise will not be exported to the United States or to any other country prior to being further manufactured in Italy. This, of course destroys a foreign value for the merchandise.

Based upon the record before me, I find that there is no foreign value for merchandise such as or similar to that here involved, and that, therefore, the 4 per centum Italian tax added by the appraiser forms no part of the dutiable value of the involved merchandise. The proper dutiable value of the merchandise in question is the value found by the appraiser, less the 4 per centum Italian tax added by the importer on entry to meet advances made by the appraiser in similar cases then pending on appeal for reappraisement. Judgment will be rendered accordingly.